Filed 5/23/13  P. v. Denys CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOAQUIN GUSTAVO DENYS,<br><br>    Defendant and Appellant. | H038212<br>(Santa Clara County<br>Super. Ct. Nos. C9929139, C9928517) |

Defendant Joaquin Gustavo Denys appeals from the trial court's order denying his motion to vacate judgment.  In 1999, defendant pleaded nolo contendere to two counts of possession for sale of marijuana (Health & Saf. Code, § 11359) and one count of possession for sale of methamphetamine (*id*. § 11378).  Defendant argues that he was not sufficiently advised of the immigration consequences of his plea pursuant to Penal Code section 1016.5.[1]  For the reasons set forth below, we find that the trial court that took defendant's plea adequately and substantially complied with the requirements of section 1016.5, and we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### *Defendant's Personal Background*

Defendant was born in El Salvador.  When defendant was a child, his father worked for the El Salvadoran government transporting soldiers to and from battle during the government's war against the guerillas.  In May 1981, defendant and his family fled

_____

[1] Further unspecified statutory references are to the Penal Code.

to Mexico due to the ongoing violence.  The family briefly returned to El Salvador in October 1981.  In December 1981, defendant and his family lawfully immigrated from El Salvador to the United States.  Defendant has a daughter who is a citizen of the United States by birth.  His mother is a naturalized citizen, and his father remains a lawful permanent resident.  Defendant has returned to El Salvador for visits, each of which have not lasted more than 15 days.

### *The Underlying Offenses*

On May 4, 1999, two San Jose Police Department officers stopped a vehicle driven by defendant for failing to come to a complete stop at a stop sign.  The officers discovered that defendant's passenger was on probation for narcotics transportation, and conducted a search of the vehicle after defendant gave his consent.  Defendant then gave officers consent to search his person, and was discovered to be in possession of marijuana.  Defendant was arrested and transported to the San Jose preprocessing center where he was strip searched.  There, officers found a white bag containing methamphetamine on defendant.

On May 12, 1999, the officers obtained a search warrant for the residence to which the vehicle was registered.  At the residence, officers found marijuana in the master bedroom where defendant resided, a pay-owe sheet, and a total of $4,100 in cash on defendant and in two locations in the master bedroom.  The police report indicated that defendant, out of his own volition, told officers that the marijuana belonged to him.

### *The Plea*

Defendant entered a plea of no contest to two counts of possession for sale of marijuana (Health & Saf. Code, § 11359) and a count of possession for sale of methamphetamine (*id*. § 11378) on June 17, 1999.[2]  Defendant further admitted the

---

[2] Defendant pleaded no contest in two cases that were ultimately consolidated.  In case No. C9928517, defendant pleaded nolo contendere to a count of possession for sale (continued)

2

allegation that he was out on bail when he committed the marijuana possession crime. In a declaration in support of his motion to withdraw, defendant stated that his trial attorney failed to advise him of any potential immigration consequences, and he was never informed that federal law would likely make it mandatory that a conviction for the pleaded offenses would result in deportation.[3] When the trial court took his plea, it stated on the record that: "Turning to the consequences of your plea. You are advised that if you are not a citizen, conviction of these offenses may have the consequences of deportation, exclusion from admission or denial of naturalization." Defendant then acknowledged that he read and understood English, that there was nothing the trial court said that he did not understand, and that he did not have any further questions.

The trial court then placed defendant on probation for a period of three years subject to various terms and conditions, including that he serve nine months in county jail.

### Deportation Proceedings

In 2008, upon returning from a trip to Mexico, defendant was pulled aside by customs immigration officials and was advised he had a court date for deportation proceedings stemming from his 1999 convictions. In June 2008, defendant received a written notice of removal proceedings in federal immigration court. Defendant hired an

---

of marijuana (Health & Saf. Code, § 11359) and a count of possession for sale of methamphetamine (*id*. § 11378). In case No. C9929139, defendant pleaded nolo contendere to a count of possession for sale of marijuana (*id*. § 11359), and further admitted an enhancement that the crime was committed when he was out on bail (§ 12022.1).

[3] On appeal, defendant does not raise any claims of ineffective assistance of counsel.

attorney, and thereafter applied for asylum and withholding from removal.[4]  Despite the efforts made by defendant's attorney, defendant was ordered removed from the country in 2010.  Defendant subsequently appealed the ruling of the immigration court.[5]

### Motion to Withdraw Plea and the Trial Court's Ruling

In February 2012, defendant filed a motion to withdraw his 1999 plea pursuant to section 1016.5.  Defendant argued that the court taking the plea failed to advise him of all the immigration consequences as provided by section 1016.5 since it failed to specifically state that the consequences of deportation, exclusion from admission, and denial of naturalization, were from the United States.  Furthermore, defendant argues that there was more than a remote possibility of adverse immigration consequences as a result of the plea, and that he was prejudiced by the court's failure to provide for a complete advisement.

The trial court held a hearing on the matter on February 21, 2012.  After defendant and the People made their respective arguments, the court denied defendant's motion to withdraw his plea.  In coming to its conclusion, the court stated defendant "argued that a lay person would not understand when being told that his or her conduct or choice could result in deportation that it means from this country," and that defendant was "suggesting that if that person is told that [they'll] be denied citizenship, that they wouldn't understand it means in this country, or that told they would not be allowed to reenter, that it means from this country."  The court determined that it could not come to that conclusion, "even more so in the case of someone [like defendant] who has [an] extensive international history."  The court then reasoned that it could not "find that the

_____

[4] The counsel that represented defendant for his immigration issues is not defendant's appellate counsel, nor the original trial counsel representing him during his plea in 1999.

[5] There is no indication in the record whether or not this appeal has been successful, or if it has been resolved.

4

[trial court that took defendant's plea] failed to give [defendant] the necessary and proper advisement simply because of the omission of the reference to the United States."

Defendant filed a timely notice of appeal over the trial court's judgment on April 18, 2012, after obtaining a certificate of probable cause.

## DISCUSSION

Defendant's main contentions on appeal are that the trial court that took his plea in 1999 failed to satisfy the requirements of section 1016.5, and that the trial court in 2012 that reviewed and denied his motion to vacate his judgment and withdraw his plea abused its discretion.

### *Standard of Review*

A motion to vacate a judgment is an appealable order. (*People v. Dubon* (2001) 90 Cal.App.4th 944, 950.) We review the trial court's order denying defendant's motion to vacate judgment for abuse of discretion. (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192 (*Zamudio*).)

### *The Trial Court Taking the Plea Substantially Complied with Section 1016.5*

Defendant argues that the trial court that took his plea failed to comport with the requirements of section 1016.5. As described *ante*, the trial court in 1999 informed defendant that "[y]ou are advised that if you are not a citizen, conviction of these offenses may have the consequences of deportation, exclusion from admission or denial of naturalization." This advisement deviates from the language of section 1016.5.

Section 1016.5 provides that: "(a) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission *to the United States*, or denial of

5

naturalization *pursuant to the laws of the United States.*"[6] (Italics added.) The difference between the actual advisement given by the court and the language in section 1016.5 is that here the court failed to specifically reference the United States in its recitation. Defendant takes issue with this omission, and argues that exclusion of the phrases "United States" and "pursuant to the laws of the United States" renders the trial court's advisement inadequate. We disagree with this assessment.

The California Supreme Court has implied that compliance with section 1016.5 does not mandate a verbatim recitation of the statute, so long as substantial compliance is achieved and the defendant in question is advised of all three possible immigration consequences as set forth in section 1016.5. (*Zamudio*, *supra*, 23 Cal.4th at p. 208.) In *Zamudio*, the California Supreme Court contemplated a situation where the defendant was not advised of the possibility of "exclusion from admission to the United States" (§ 1016.5, subd. (a)), but was advised of the two other consequences of immigration, deportation and denial of naturalization. (*Zamudio*, *supra*, at p. 207.) In that situation, the Supreme Court recognized that if defendant's circumstances, at the time of his original plea, did not actually allow for the possibility of the consequence of exclusion from the United States, "the advisements he received concerning deportation and naturalization would have been in substantial compliance with the requirements of section 1016.5." (*Id.* at p. 208.)

---

[6] The Legislature specifically articulated that it enacted section 1016.5 after finding that defendants that are not citizens of the United States may often enter pleas of nolo contendere without full knowledge that a conviction may result in certain immigration consequences, such as deportation, exclusion from admission, and a denial of naturalization pursuant to the laws of the United States. (§ 1016.5, subd. (d).) One of the Legislature's express intents in enacting the section was to "promote fairness to such accused individuals by requiring in such cases that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea." (*Ibid.*)

Other appellate courts have similarly upheld that trial courts need only substantially comply with the required advisement under section 1016.5.  In *People v. Gutierrez* (2003) 106 Cal.App.4th 169 (*Gutierrez*), the prosecutor informed Gutierrez that " 'If you are not a United States citizen, you will be deported from the United States, denied re-entry and denied amnesty or naturalization. [¶] Mr. Gutierrez, do you understand that?' [Gutierrez] answered, 'Yes.' " (*Id.* at p. 171.)  Gutierrez appealed, in part arguing that the prosecutor's advisement failed to accurately track the language of section 1016.5, as the prosecutor utilized the phrase "denied re-entry" instead of the phrase " 'exclusion from admission.' " (*Gutierrez, supra*, at p. 173.)  The Second District rejected this argument, reiterating that "only substantial compliance is required under section 1016.5 as long as the defendant is specifically advised of all three separate immigration consequences of his plea." (*Id.* at p. 174.)  Gutierrez "was expressly told that one of the immigration consequences of his conviction was that he would be denied reentry into the United States; in other words, under the statute, he would be excluded from the United States.  The trial court, thus, substantially complied with the statute, and, hence, committed no error in the manner in which it took appellant's plea." (*Ibid.*)

We find that the advisement given to defendant in 1999 was in substantial compliance with section 1016.5.  Defendant was specifically informed of all three immigration consequences of his plea if he was not a citizen, including the possibility of deportation, exclusion from admission to the United States, and denial of naturalization pursuant to the laws of the United States.  The trial court's main deviance from the statutory language in section 1016.5 is that it failed to specifically state that the consequences were "exclusion from admission *to the United States*," and "denial of naturalization *pursuant to the laws of the United States*."  However, we do not believe the lack of reference to the "United States" in the trial court's statement rendered the advisement unacceptably vague.  The advisement given to the defendant in *Gutierrez*

7

similarly lacked a specific reference to the United States, yet was still determined to be in substantial compliance. (*Gutierrez*, *supra*, 106 Cal.App.4th at p. 171.)

In the situation presented here, defendant was informed of all three immigration consequences required under section 1016.5. Furthermore, it is implied from the trial court's advisement that it was referencing the United States. A trial court, located with the United States, would not reasonably admonish a defendant that a possible immigration consequence of a conviction in the United States would be exclusion from admission from country that is *not* the United States, and that another consequence may be denial of naturalization pursuant to the laws of another country. We find no merit to defendant's contention that the trial court's advisement prior to his plea is similar to the defective advisement contemplated in *Zamudio*. In *Zamudio*, the defendant was not advised of the possibility of exclusion. (*Zamudio*, *supra*, 23 Cal.4th at pp. 207-208.) Here, defendant was advised of all three consequences. While the language of the advisement was not a verbatim recitation of section 1016.5, subdivision (a), the advisement substantially complied with the requirements of the statute.

We note that there were some deficiencies with the trial court's reasoning behind its denial of defendant's motion to vacate. First, the trial court noted that since defendant has an "international history," it is expected that defendant, his family, or others similarly situated, would be "uniquely aware of the terms deportation, citizenship and reentry." The fact that a defendant may be more well-informed about potential immigration consequences of a plea does not negate the court's duties under section 1016.5. Second, the trial court reasoned that the advisement's sufficiency was bolstered by the fact that defendant, after being given the advisement, was asked by the trial court if he had any questions, to which he answered in the negative, and was also asked if he understood the advisements, to which he answered in the affirmative. If the trial court's advisement did

in fact lack compliance with section 1016.5, defendant's answers that he understood the advisement and that he had no further questions about it would not cure the defects.

However, the deficiencies in the trial court's rationale for denying defendant's motion to vacate do not undermine the validity of our conclusion that the advisement sufficiently complied with section 1016.5. We find that the lack of reference to the United States by the trial court in 1999 was not fatal to its admonishment. Since we determine that the advisement was adequate, we need not reach the issue of whether or not defendant demonstrated prejudice. We therefore conclude there was no abuse of discretion by the trial court when it denied defendant's motion to vacate judgment and withdraw his plea.

### DISPOSITION

The trial court's order denying defendant's motion to vacate judgment is affirmed.

_____
Premo, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Elia, J.

9