Filed 7/22/14  P. v. Sierra CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ERICK L. PAIZ SIERRA,<br><br>  Defendant and Appellant. | 2d Crim. No. B251791<br>(Super. Ct. No. BA170377)<br>(Los Angeles County) |

Erick L. Paiz Sierra appeals from an order denying his Penal Code section 1016.5[1] motion to vacate his 1998 no contest plea to violating Health and Safety Code section § 11359 (possession of marijuana for sale).  Appellant contends the court should have granted his motion on the ground that the court did not advise him fully of the immigration consequences of his plea as required by section 1016.5.[2]  We affirm.

## FACTUAL AND PROCEDURAL HISTORY

In 1998, the prosecution filed an information charging appellant with violations of Health and Safety Code sections 11360, subdivision (a) (sale or transportation of marijuana) and 11359 (possession of marijuana for  sale).  Before appellant pled no contest to the latter charge, the court advised him on the record as follows:  "[I]f you are not a citizen of the United States, by pleading guilty here, you

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] The same court accepted appellant's plea, and heard and denied his 1998 motion to withdraw it, and the recent motion to vacate it.

subject yourself to deportation.  It can affect your rights of naturalization and you can be denied re-entry or admission into the United States."  The court inquired, "Do you and each of you understand each and all of the consequences as I have explained them?"  Appellant responded, "Yes," and pled no contest to possession of marijuana for sale.  The court sentenced him to state prison for 16 months, and dismissed the remaining count "due to plea negotiation."

In 2013, appellant filed a motion to vacate his plea on the ground that the court accepted it without adequately advising him of its immigration consequences, as required by section 1016.5.  The court denied his motion.[3]

DISCUSSION

Appellant contends the court erred by denying his motion to vacate his no contest plea.  More specifically, he claims his plea is defective because the court accepted it without fully advising him of its immigration consequences, as required by section 1016.5.  The record belies his claim.

We review an order denying a section 1016.5 motion for abuse of discretion.  (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 192.)  We must affirm "unless there is a clear showing of abuse of discretion."  (*People v. Shaw* (1998) 64 Cal.App.4th 492, 495-496.)

Section 1016.5, subdivision (a) provides:  "Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant:  [¶]  If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."  "Subdivision (b) directs the court to vacate any plea taken without the advisement when the defendant shows that the

_____

[3] The record reflects that appellant requested a certificate of probable cause, but does not indicate whether the court granted his request. Such a certificate is not required for an appeal from the denial of a motion to vacate under section 1016.5. (*People v. Arriaga* (2014) 58 Cal.4th 950, 960-961.)

2

plea may have the adverse consequences described by the statute." (*People v. Gutierrez* (2003) 106 Cal.App.4th 169, 173.) "[S]ubstantial, not literal, compliance with section 1016.5 is sufficient." (*Id*., at p. 174.)

Appellant contends the court did not adequately advise him that his no contest plea could have the consequence of "exclusion from admission to the United States," as required by section 1016.5. We disagree. Before accepting appellant's plea, the court advised him that he could be "denied re-entry or admission [into] the United States." This advisement substantially complied with section 1016.5. (*People v. Gutierrez, supra*, 106 Cal.App.4th at p. 174.) The court did not abuse its discretion in denying appellant's motion to vacate his plea.

Appellant also cites *Padilla v. Kentucky* (2010) 559 U.S. 356, in arguing the court failed to adequately advised him of the immigration consequences of his plea. *Padilla* is unavailing. It "was not a hard case in which to find deficiency," (*id.* at p. 357) where "counsel provided [the defendant] false assurance that his conviction would not result in his removal from this country." (*Id.* at pp. 368-369.) Further, "*Padilla* does not have retroactive effect" upon appellant's conviction, which became final before the Supreme Court decided *Padilla*. (*Chaidez v. U.S* (2013) ___U.S.___ [133 S.Ct. 1103, 1105, 1113].)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P.J.


YEGAN, J.


3

Craig E. Veals, Judge

Superior Court County of Los Angeles

_____


Eduardo Paredes for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, for Plaintiff and Respondent.