Filed 11/24/14  P. v. Armenta CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CIRILO RUBIO ARMENTA,<br><br>        Defendant and Appellant. | B253576<br><br>(Los Angeles County<br>Super. Ct. No. VA097417) |

        APPEAL from a judgment of the Superior Court of Los Angeles County.  Lori Ann Fournier, Judge.  Affirmed.

        Gary Finn for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Gerald A. Engler and Lance E. Winters, Senior Assistant Attorneys General, James William Bilderback II, Supervising Deputy Attorney General, Steven E. Mercer and Tannaz Kouhpainezhad, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Cirilo Armenta appeals from the trial court's denial of his motion pursuant to Penal Code section 1016.5[1] to withdraw his negotiated plea of nolo contendere to assault with a deadly weapon.

Defendant contends he was not advised as required by section 1016.5 because the language of the advisement he was given differed slightly from that set forth in the statute and, as a result, he received no advice regarding the potential immigration consequences of his plea. We affirm because defendant was properly advised of each potential immigration consequence set forth in the statute, and trivial deviations from the statutory language were inconsequential.

## BACKGROUND

### 1.        Charges and nolo contendere plea

Defendant was charged with attempted murder, assault with a deadly weapon (a knife), and misdemeanor inducing false testimony. On June 20, 2007, he entered into a negotiated plea agreement pursuant to which he pleaded nolo contendere to assault with a deadly weapon in exchange for five years of formal probation on terms including service of 365 days in jail. The court and counsel calculated defendant would have nearly 365 days of presentence credits at the time of the probation and sentencing hearing scheduled for July 5, 2007.

Before he entered his plea, defendant completed a "Felony Advisement of Rights, Waiver, and Plea Form" with the assistance of a Spanish-language interpreter, who signed the form's certification that she translated the form to defendant in Spanish and "The defendant stated that he or she understood the contents on the form, and then initialed and signed the form." Defendant signed the form and initialed section 12 of the form, which stated, "I understand that if I am not a citizen of the United States, I must expect my plea of guilty or no contest will result in my deportation, exclusion from admission or reentry to the United States, and denial of naturalization and amnesty."

---

[1] Undesignated statutory references are to the Penal Code.

2

During the hearing at which he entered his nolo contendere plea, defendant was assisted by a Spanish interpreter. Upon questioning by the prosecutor, defendant said he read the form or it was read to him in Spanish before he initialed and signed it, he discussed it with his attorney, he understood it before he initialed and signed it, and he had no questions about it. The prosecutor advised defendant of the rights he was relinquishing and the consequences of his plea, including the following: "If you are not a citizen of the United States, the conviction of this charge will result in deportation, exclusion from admission or reentry into the United States and denial of naturalization, amnesty, and citizenship pursuant to the laws of the United States. [¶] Do you understand those immigration consequences?" Defendant said he did.

2. **Motion to withdraw plea**

On July 30, 2013, defendant, through newly retained counsel, filed a "Motion to Withdraw Guilty Plea Pursuant to California Penal Code Section 1016.5." His motion argued the warning regarding immigration consequences in the "Felony Advisement of Rights, Waiver, and Plea Form" did not satisfy the requirements of section 1016.5 because the language differed from that set forth in the statute, "he was not properly put on notice of the immigration consequences of the charges against him and had no opportunity to take steps to attempt to mitigate those consequences," and the attorney representing defendant at the time he pleaded provided ineffective assistance by failing to advise defendant of the immigration consequences of his plea and failing to "identify and pursue an immigration safe disposition." Attached to the motion was a declaration from defendant stating, "Had I known that my no contest plea in this case could make me lose my legal residence in the United States, I never would have pled guilty but instead would have insisted on taking my case to trial or I would have insisted on some way to resolve my case without losing my legal residence." The motion did not indicate defendant had suffered, or was being threatened with, deportation, loss of his legal residency status, or any other adverse immigration consequence.

3

At the hearing, defense counsel argued, "There is a reason that the advisement is written the way it is. It is intended to put both defense counsel and the defendant on notice that there may be immigration consequences. It's not proper to advise the defendant that you will be deported." He further argued defendant would have avoided the risk of deportation if his former counsel had negotiated a sentence of 364 days, instead of 365 days, and asserted defendant's former counsel had made "no effort" to seek such a disposition.

The court stated it had read defendant's motion, the transcripts of the preliminary hearing and plea, the plea form, and the probation report. The court concluded the advisements regarding immigration consequences were sufficient, notwithstanding their warning that immigration consequences "will" occur, in lieu of the statutory language stating such consequences "may" occur. The court further found defendant was not prejudiced because, "based on the evidence," it would not have been reasonable for defendant to reject the plea because he would "have been convicted and would have been looking at a prison sentence." Accordingly, the trial court denied the motion.

## DISCUSSION

Defendant contends he was not given the section 1016.5 advisement "as the legislature intended," which he argues must "be followed exactly." He argues he "was prejudiced by the provision of an altered immigration advisement because as a result, he received no immigration advice at all."

## 1. Immigration consequences advisement requirement.

Section 1016.5 requires the trial court to advise a defendant of particular potential immigration consequences of a guilty or no contest plea and, upon a defendant's motion, requires a trial court to vacate any plea for which a defendant was not so advised (§ 1016.5, subds. (a)–(b)), if the defendant establishes prejudice (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 199–200). Section 1016.5, subdivision (a), sets forth the following advisement: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of

deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Substantial compliance with the statute is sufficient, however, provided the defendant is specifically advised of each of the three separate potential immigration consequences of the plea specified in the advisement set forth in section 1016.5, subdivision (a). (*People v. Gutierrez* (2003) 106 Cal.App.4th 169, 172–173 (*Gutierrez*).)

Section 1016.5 applies only to the trial court's failure to advise of such consequences, not counsel's. (*People v. Chien* (2008) 159 Cal.App.4th 1283, 1285 (*Chien*).) However, the advisement may be given by the judge, prosecutor, clerk, or any other "person acting on behalf of the tribunal." (*People v. Quesada* (1991) 230 Cal.App.3d 525, 535–536.) The defendant's valid execution of a written waiver form including the required advisement is sufficient. (*Gutierrez*, *supra*, 106 Cal.App.4th at p. 175.)

We review the trial court's denial of a section 1016.5 motion for abuse of discretion. (*Gutierrez*, *supra*, 106 Cal.App.4th at p. 172.)

**2.      Defendant was properly advised as required by section 1016.5, and his motion to vacate his plea pursuant to section 1016.5 was properly denied.**

Defendant was advised by both the prosecutor and the court's written advisement and waiver form of each of the three potential immigration consequences of his nolo contendere plea required by section 1016.5: deportation, exclusion from admission into the United States, and denial of naturalization pursuant to the laws of the United States. Indeed, he was advised of the additional potential consequences of exclusion from reentry into the United States and denial of amnesty. Accordingly, there was substantial compliance with the statute. The use of more pessimistic language telling defendant he "must expect" the potential immigration consequences "will" occur did not violate the statute, dilute the effectiveness of the advisement, or entitle defendant to withdraw his plea. Accordingly, the trial court properly denied his section 1016.5 motion.

To the extent defendant's motion argued ineffective assistance of counsel and his appellate claim includes a disguised claim of ineffective assistance, such claim did not, and does not, support his motion to withdraw his plea because neither a statutory motion under section 1016.5 nor a petition for writ of coram nobis may be based upon ineffective assistance of counsel. (*Chien*, *supra*, 159 Cal.App.4th at p. 1285; *Gutierrez*, *supra*, 106 Cal.App.4th at p. 176.) Although it may be possible for defendant to raise such a claim by means of a petition for a writ of habeas corpus, his motion did not satisfy the pleading requirements of such a petition. We express no opinion on the potential merits of an ineffective assistance of counsel claim.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


MILLER, J.*

We concur:


CHANEY, Acting P. J.


JOHNSON, J.

---

**\*** Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.