Filed 12/17/14  P. v. Samayoa CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>FIDEL SAMAYOA,<br><br>　　　Defendant and Appellant. | B256993<br><br>(Los Angeles County<br>Super. Ct. No. A375170) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Craig Richman, Judge.  Affirmed.

　　　Law Office of Eduardo Paredes, Eduardo Paredes for Defendant and Appellant.

　　　Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Jessica C. Owen, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Fidel Samayoa appeals from the denial of his Penal Code section 1016.5 (section 1016.5) motion to vacate his 1982 conviction for selling marijuana in violation of Health and Safety Code section 11360. He contends that prior to pleading guilty to that offense, the prosecutor did not properly advise him of the immigration consequences of his plea. We affirm.

## BACKGROUND[1]

On January 29, 1982, defendant and appellant Fidel Samayoa pleaded guilty to selling marijuana. In advising defendant of the consequences of his guilty plea, the prosecutor stated: "I have to advise you as I have to advise any other defendant who is pleading guilty, that if you are not a citizen of the United States, pleading guilty to this offense could result in your deportation or denial of reentry privileges and denial of citizenship and the denial of work privileges. [¶] Do you understand that those are possibilities if you are not a citizen of the United States, and if you plead guilty to this offense?" Defendant responded, "Yes."

On January 28, 2003, defendant moved, pursuant to Penal Code section 1203.4,[2] to vacate the guilty verdict and dismiss the information regarding his 1982 conviction. The trial court granted the motion. On August 19, 2013, defendant moved, pursuant to section 1016.5, to vacate his 1982 conviction arguing that he had not been advised of the immigration consequences of his guilty plea. The trial court denied the motion, finding that the prosecutor's advisement of the immigration consequences of defendant's guilty plea substantially complied with section 1016.5.

---

[1]     We limit our recitation of facts to those relevant to defendant's section 1016.5 motion.

[2]     Penal Code section 1203.4 authorizes relief to a person who has successfully completed probation by expunging the person's conviction from his or her record. (*People v. Martinez* (2013) 57 Cal.4th 555, 560.) "That action, however, has no effect on the federal immigration consequences of his conviction." (*Ibid.*)

**DISCUSSION**

**The Trial Court Did Not Abuse Its Discretion in Denying Defendant's Section 1016.5 Motion to Vacate His 1982 Conviction**

Although not entirely clear, defendant appears to contend that the trial court erred in denying his section 1016.5 motion to vacate his 1982 conviction because the prosecutor's advisement about the immigration consequences of his guilty plea was defective as it did not use section 1016.5's exact language. Defendant also may contend that the prosecutor's advisement was defective because it incorrectly suggested to defendant that his conviction "may" subject him to adverse immigration consequences instead of advising him that it "would" have such consequences.[3] The trial court did not abuse its discretion in finding that the prosecutor's advisement substantially complied with section 1016.5 and in denying defendant's section 1016.5 motion.[4]

Section 1016.5 provides in relevant part:

"(a)   Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant:

"If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

"(b)   Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of the advisement as described in this

---

[3]   In his opening brief, defendant discusses *Padilla v. Kentucky* (2010) 559 U.S. 356, which concerns a claim of ineffective assistance of counsel based on counsel's failure to advise the defendant of the immigration consequences of his plea. Defendant does not raise, however, an ineffective assistance of counsel claim on appeal.

[4]   Because we hold that the trial court did not abuse its discretion in denying defendant's section 1016.5 motion, we need not address defendant's claim of prejudice.

section.  If, after January 1, 1978, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty.  Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement."

We review a trial court's ruling on a section 1016.5 motion for abuse of discretion. (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192.)  "To prevail on a motion brought pursuant to Penal Code section 1016.5, a defendant must establish:  (1) he or she was not properly advised of the immigration consequences as provided by the statute; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he or she was prejudiced by the nonadvisement, i.e., if properly advised, he or she would not have pleaded guilty or nolo contendere.  (*Zamudio, supra,* 23 Cal.4th at pp. 192, 199-200, 209.)"  (*People v. Dubon* (2001) 90 Cal.App.4th 944, 951-952.)

Defendant contends that the advisement he received—"if you are not a citizen of the United States, pleading guilty to this offense could result in your deportation or denial of reentry privileges and denial of citizenship and the denial of work privileges"—failed to advise him in the "statutory language required under . . . [section] 1016.5" that his guilty plea would have the immigration consequence of "exclusion from admission to the United States."  If by this contention defendant is arguing that a section 1016.5 advisement must follow exactly that statute's language, the contention fails because "only substantial compliance is required under section 1016.5 as long as the defendant is specifically advised of all three separate immigration consequences of his plea."  (*People v. Gutierrez* (2003) 106 Cal.App.4th 169, 174 [rejecting the argument that "any variance from the literal language of the legislation requires a plea to be vacated"].)  The

4

advisement that defendant's conviction for selling marijuana might have the immigration consequence that he would be denied "reentry privileges"—i.e., reentry into the United States—substantially complied with section 1016.5's requirement that he be advised that his conviction might result in his "exclusion from admission to the United States."  (*Ibid.* & fn. 4 ["the phrase 'denied re-entry' is the legal equivalent of 'exclusion of admission'; moreover, linguistically 'denied re-entry' is a more precise statement of the consequence"].)

Defendant also appears to contend that the prosecutor's advisement failed to comply with section 1016.5 because it told defendant that his guilty plea "may" rather than "would" have adverse immigration consequences.  The statute mandates that a defendant be advised that his guilty plea "*may* have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."  (Italics added.)  Because section 1016.5 expressly uses the word "may" and not "will," the prosecutor properly advised defendant of the immigration consequences of his guilty plea.  Accordingly, the trial court did not abuse its discretion in denying defendant's section 1016.5 motion.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, Acting P. J.

We concur:


KRIEGLER, J.


GOODMAN, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.