Filed 1/27/16  P. v. Diaz CA2/6

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>OSVALDO DIAZ,<br><br>  Defendant and Appellant. | 2d Crim. No. B262592<br>(Super. Ct. No. 1296253)<br>(Santa Barbara County) |

Osvaldo Diaz appeals the denial of his post-judgment motion to vacate a 2009 conviction for possession of a deadly weapon (Pen. Code, § 12020, subd. (a)(1))[1] and transportation of methamphetamine for personal use (Health & Saf. Code, § 11379, subd. (a)).  Appellant contends that he was not properly advised of the immigration consequences of the conviction when the change of plea was entered.  (§ 1016.5.)   We affirm.

*Procedural History*

In 2009, appellant was charged with possession for sale of methamphetamine, possession of a deadly weapon, battery, theft, and possession of methamphetamine for personal use.  Pursuant to a negotiated plea, appellant pled no contest to possession of a deadly weapon and transportation of methamphetamine in

---

[1] All statutory references are to the Penal Code unless otherwise stated.

exchange for three years probation. It was a highly favorable plea because appellant was facing a maximum sentence of four years state prison if convicted.

Before the change of plea was entered, appellant signed a "Waiver of Constitutional Rights and Plea" form. Under the section entitled "**CONSEQUENCES OF MY PLEA OF GUILTY/NO CONTEST"** appellant initialed the following paragraph: "If I am not a citizen of the United States, I understand that the law concerning the effect of my conviction of a criminal offense of any kind on my legal status as a non-citizen will change from time to time. I hereby expressly assume that my plea of GUILTY/NO CONTEST in this case will, now or later, result in my deportation, exclusion from admission or readmission to the United States, and denial of naturalization and citizenship."

Appellant signed a second paragraph acknowledging that "[m]y attorney . . . has gone over this form with me. I have read and understand this form. I understand the pleas and admissions I am entering, the consequences thereof and the constitutional rights I am waiving." Appellant's trial attorney signed a paragraph stating that he "explained the direct and indirect consequences of this plea to the [appellant] and I am satisfied that [appellant] understands them. . . . I personally went over this document with the defendant." On May 27, 2009, the trial court found that the change of plea was knowing, intelligent, free, and voluntary. The court suspended imposition of sentence and granted three years probation.

On August 7, 2014, appellant filed a motion to vacate the conviction on the ground that he was not advised "that pleading guilty to the criminal charge at issue would subject me to mandatory deportation." Denying the motion, the court found that appellant was advised in writing pursuant to section 1016.5 before the change of plea was entered.

*Discussion*

The Attorney General argues that the motion to vacate the plea is untimely. We agree. A motion to vacate a plea due to lack of advisement under section 1016.5 must be brought within a reasonable time. (*People v. Superior Court* (*Zamudio*) (2002)

2

23 Cal.4th 183, 203.)  Appellant fails to explain why he waited five years to bring the motion.[2]

On the merits, the trial court did not abuse its discretion in denying the motion.  "To prevail on a motion to vacate under section 1016.5, a defendant must establish that (1) he or she was not properly advised of the immigration consequences as provided by the statute; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he or she was prejudiced by the nonadvisement. [Citations.]" (*People v. Totari* (2002) 28 Cal.4th 876, 884.)

Appellant argues that he was not advised that judicial recommendations against deportation (JRAD) are no longer permitted.  (See *People v. Paredes* (2008) 160 Cal.App.4th 496, 498-499 [retroactive change in federal law curtailing use of JRADs did not result in violation of plea agreement].)[3]  The issue was not raised below and may not be raised for the first time on appeal.

In enacting section 1016.5, the Legislature intended that trial courts advise defendants about the "potential adverse immigration consequences." (*Zamudio, supra,* 23 Cal.4th at p. 209.)  Appellant cites no authority that the trial court must advise the defendant on what offenses will result in mandatory deportation.  (See e.g., *People v. Gutierrez* (2003) 106 Cal.App.4th 169, 174, fn. 4 [no obligation to advise on immigration consequences that defendant may suffer other than the ones listed in section 1016.5;

---

[2] In 2011, appellant was arrested for possession of Vicodin without a prescription (Health & Saf. Code, § 11350).  On September 26, 2011, the Santa Barbara County Jail released him to the custody of U.S. Immigration and Customs Enforcement for voluntary deportation.

[3] "[T]itle 8 United States Code [former] section 1251(b) authorized courts, including state courts, to issue 'recommendations,' against deportation.  Such recommendations had the legal effect of precluding the federal government from deporting a defendant on the basis of a conviction for an offense that was otherwise deportable." (*People v. Paredes, supra,* 160 Cal.App.4th at p. 501, fn 3.)

*People v. Barocio* (1989) 216 Cal.App.3d 99, 105 [no obligation to advise on right to request a JRAD under 8 U.S.C. former § 1251(b)(2).]

*Written Advisement*

Appellant contends that a general advisement on a change of plea form is inadequate but it is well established that "[a] validly executed waiver form is a proper substitute for verbal admonishment by the trial court. [Citation.]" (*People v. Ramirez* (1999) 71 Cal.App.4th 519, 521; *People v. Gutierrez, supra,* 106 Cal.App.4th at p. 175 [court may rely on executed form]; *People v. Quesada* (1991) 230 Cal.App.3d 525, 533-536 [statutory admonition need not be given orally].) The advisement need not be in the exact language of section 1016.5 and can be in writing. Substantial compliance is all that is required. (*Zamudio, supra,* 23 Cal.4th at pp. 207-208; *People v. Gutierrez, supra,* 106 Cal.App.4th at p. 174.)

*Prejudice*

A defendant who moves to set aside his plea based on an incomplete section 1016.5 advisement must show prejudice, i.e., that but for the failure to advise, defendant would not have entered a guilty plea. (*Zamudio, supra,* 23 Cal.4th at pp. 209-210.) Appellant states that he would never have agreed to accept the plea had he known he was subject to mandatory deportation. The declaration is self-serving and not corroborated. (*In re Resendiz* (2001) 25 Cal.4th 230, 253-254 [defendant's self-serving statement not sufficient to show prejudice]; *In re Alvernaz* (1992) 2 Cal.4th 924, 938 [defendant's self-serving statement of prejudice must be corroborated independently by objective evidence].)

Appellant was arrested for kicking his wife, who reported that appellant had beat her in the past and sold cocaine and marijuana. A witness saw appellant hold a baby and repeatedly kick the victim in the head before the police arrived. The arresting officer found 4.8 grams of methamphetamine, a scale, a package of baggies, and a two-foot bat in appellant's car. Appellant had $200 in $20 dollar bills that were stolen from a nearby

4

real estate office and was on felony probation for hit and run resulting in injury.[4] (Veh. Code, § 20001, subd. (a).) If convicted, the maximum sentence was four years state prison. In light of the charges, the overwhelming evidence against him, appellant's criminal record and the probation violation, the negotiated plea was truly a bargain. Appellant makes no showing that, had he been differently advised of the immigration consequences of the plea, that he would have insisted on a trial. (*People v. Totari, supra,* 28 Cal.4th at pp. 884 [defendant must show reasonable probability he would have not pled guilty if properly advised].) "While it is true that by insisting on trial [appellant] would for a period have retained a theoretical possibility of evading the conviction that rendered him deportable and excludable, it is equally true that a conviction following trial would have subjected him to the same immigration consequences." (*In re Resendiz, supra,* 25 Cal.4th at p. 254.)

*Padilla v. Kentucky*

Appellant's reliance on *Padilla v. Kentucky* (2010) 559 U.S. 356 [176 L.Ed.2d 284] (*Padilla*) is misplaced. There, the United States Supreme Court held that the Sixth Amendment requires defense attorneys to inform non-citizen clients of the deportation risks of guilty pleas. (*Id.*, at p. 367 [176 L.Ed.2d at p. 294] *Padilla* does not apply to defendants whose convictions, like appellant's, became final prior to *Padilla*. (*Chaidez* v. U.S. (2013) 568 U.S. __, __ [185 L.Ed.2d 149, 162].) "Section 1016.5 addresses only the trial court's duty to advise, not counsel's, and provides a specific remedy for that particular failure." (*People v. Chien* (2008) 159 Cal.App.4th 1283, 1288 [trial court lacked jurisdiction to address claim of ineffective assistance of counsel in the

---

[4] The pre-sentence probation report states that appellant had: a 2003 conviction for possession of marijuana (Health & Saf. Code, § 11357, subd. (a)); 2005 conviction for auto theft (Veh. Code, § 10851, subd. (a)), driving while intoxicated (Veh, Code, § 23152, subd. (b)), resisting an officer (§ 148, subd. (a)(1)), and driving without a license (Veh. Code, § 12500, subd. (a)); a 2009 conviction for possession of a switch-blade knife (§ 653, subd. (k)); and a 2009 conviction for hit and run resulting in death or injury (Veh. Code, § 20001, subd. (a)). Appellant committed the present offense two months after the March 4, 2009 hit and run conviction.

context of a section 1016.5 motion].)  Having received the benefit of the plea bargain, appellant is not permitted to trifle with the courts by attempting to better the bargain through the appellate process.  (*People v. Hester* (2000) 22 Cal.4th 290, 295.)

The judgment (order denying motion to withdraw plea) is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

Jean M. Dandona, Judge

Superior Court County of Santa Barbara

_____

Zulu Ali, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, J. Michael Lehmann, Deputy Attorney General, for Plaintiff and Respondent.