Filed 4/21/21  P. v. Alvarez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C092114 |
| v. | (Super. Ct. No. 19CR14229) |
| ARTHUR ALVAREZ II, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Arthur Alvarez II asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Based on our review of the record, we will affirm the convictions but remand for the trial court to correct a sentencing error.

I

In April 2019, a California Highway Patrol officer arrested defendant in Glenn County for driving under the influence (DUI).  A test indicated defendant had a blood alcohol content of .23 percent.  During his arrest, defendant provided a false name and birthdate to the officer.

1

Approximately five months later, a Solano County judge sentenced defendant to a four-year term in state prison for a crime he had previously committed in 2017. Then, in January 2020, while defendant was serving his state prison term for the Solano County crime, authorities took him to Glenn County for resolution of the DUI case. Pursuant to a negotiated disposition, defendant pleaded no contest to felony false personation (Pen. Code, § 529, subd. (a)(3) -- count I)[1] and misdemeanor driving with a blood alcohol level of .08 percent or higher, with a prior (Veh. Code, § 23152, subd. (b) -- count III). He also admitted a prior strike conviction allegation (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

Defense counsel explained to the trial court that the stipulated term was 16 months, which was one-third the middle term for count I, doubled for the prior strike. The misdemeanor plea form initialed and signed by defendant said he would serve "[n]o additional time to that served" for the felony, and the felony plea form reflected the 16-month term that defense counsel articulated. When defendant inquired about custody credit at the plea hearing, the trial court said probation would prepare a report and include all custody time. Defendant confirmed there had been no promises made to him other than those made in court.

In a March 2020 hearing scheduled for sentencing, defendant said that when he agreed to the negotiated disposition, he thought his Glenn County sentence would be concurrent to the Solano County sentence he was already serving. The prosecutor maintained that count III was to be concurrent to the 16 months for count I, but that it was never contemplated that count I would be concurrent to the sentence defendant was already serving. The trial court continued sentencing for clarification on the issue.

---

[1] Undesignated statutory references are to the Penal Code.

At a later March 2020 hearing, the trial court denied defendant's request to discharge counsel and appoint new counsel (pursuant to *People v. Marsden* (1970) 2 Cal.3d 118) after confirming that defendant's concerns were about his former counsel, not his counsel at the time of the hearing.

The following month, the trial court sentenced defendant to 16 months on count I, consecutive to his Solano County sentence, and a concurrent term of one year on count III. The trial court awarded nine days of presentence credit, observing that defendant was "doing a sentence elsewhere," and imposed a $300 restitution fine (§ 1202.4) and a $300 parole revocation fine (§ 1202.45).

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

A

Defendant filed a supplemental brief asserting that his counsel said defendant would be entitled to day-for-day credit while housed at the Glenn County jail, but then did not fight for such credit when the judge only awarded nine days of presentence credit. Defendant maintains that while he was out from prison he was housed and treated as a Glenn County jail inmate and should receive credit accordingly. He also argues the probation report indicated he was entitled to 65 days of custody credit.

Section 2900.5, subdivision (a) provides in pertinent part: "In all felony . . . convictions, . . . when the defendant has been in custody, including, but not limited to, any time spent in a jail, . . . [or] prison, . . . all days of custody of the defendant, . . . shall be credited upon his or her term of imprisonment." In addition, section 2900.5, subdivision (b) provides in relevant part: "For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the

3

same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed."

In *People v. Phoenix* (2014) 231 Cal.App.4th 1119 (*Phoenix*), this court explained that under section 2900.5, subdivision (b), a defendant is not to be given credit for time spent in custody if during the same period he is already serving a term, because the defendant would have been in custody serving the earlier sentence had there been no other matters pending. (*Phoenix,* p. 1128.)

Based on the foregoing, defendant was not entitled to custody credit for the time he spent in Glenn County jail in 2020, as he was already in custody serving his earlier sentence from Solano County.

Although the probation report suggested defendant was entitled to 65 days of custody credit, the trial court calculated the credit after confirming the correct amount of credit with the probation officer.

Defendant's assertion that his trial counsel said defendant would be entitled to day-for-day credit while housed at the Glenn County jail is unavailing, as it is inconsistent with the record. (See *People v. Gutierrez* (2003) 106 Cal.App.4th 169, 175 [rejecting argument inconsistent with defendant's statement in open court that no promises had been made to him that were not on the record].)

B

Nevertheless, our review has disclosed a sentencing error. Because defendant was already serving a term in state prison when the Glenn County trial court sentenced him in April 2020, the trial court should have calculated a single aggregate sentence, incorporating the earlier sentence. (*Phoenix, supra*, 231 Cal.App.4th at pp. 1124-1126, 1129; see *People v. Allison* (2019) 39 Cal.App.5th 688, 703 ["Under [California Rules of Court,] rule 4.452(a)(1), a sentencing court in a subsequent case is required to 'pronounce

4

a single aggregate term, as defined in section 1170.1[, subdivision ](a), stating the result of combining the previous and current sentences' "].)

We will vacate the sentence and remand the matter for the trial court to pronounce a single aggregate sentence. Because the law appears clear, we will do so without further briefing in the interest of judicial economy. Any party aggrieved may petition for rehearing. (Gov. Code, § 68081.)

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The convictions are affirmed. The sentence is vacated and the matter is remanded to the trial court for resentencing and pronouncement of a single aggregate sentence. The clerk of the trial court shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


/S/
MAURO, Acting P. J.



We concur:


/S/
RENNER, J.


/S/
KRAUSE, J.

5