Filed 4/10/26  P. v. Vargas CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>VICTOR VARGAS,<br><br>     Defendant and Appellant. | F089072<br><br>(Super. Ct. No. CF99625231)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Gary R. Orozco, Judge.

Richard Oberto, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland and Kimberley A. Donohue, Assistant Attorneys General, Amanda D. Cary and Caitlin Franzen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*     Before Detjen, Acting P. J., Franson, J. and DeSantos, J.

# INTRODUCTION

Defendant Victor Vargas (defendant) claims on appeal that the trial court erred when it imposed a parole revocation fine at his Penal Code section 1172.75[1] resentencing hearing that was greater than the original restitution fine, and improperly increased his judgment. Alternatively, if his claim is forfeited for failing to object, defendant raises an ineffective assistance of counsel claim. The People agree the court erred when it imposed a greater parole revocation fine and concede the claim is not forfeited because it is an unauthorized sentence which may be raised at any time.

We conclude the trial court erred when it increased defendant's parole revocation fine under section 1202.45 resulting in an unauthorized sentence that was not forfeited by defendant's failure to object. We vacate the parole revocation fine under section 1202.45 and order a limited remand directing the superior court to impose a parole revocation fine that complies with section 1202.45, subdivision (a) and section 1172.75, subdivision (d)(1) and vacate the portion of the judgment imposing the restitution fine under section 1202.4, subdivision (a).

## PROCEDURAL SUMMARY[2]

On June 30, 1999, the Fresno County District Attorney charged defendant with assault with a deadly weapon and by means likely to produce great bodily injury (§ 245, subd. (a)(1); count 1). As to count 1, it was alleged that defendant used a deadly weapon (§§ 667, 1192.7), inflicted great bodily injury (§ 12022.7, subd. (a)) and committed the crime in the furtherance of a criminal street gang (§ 186.22, subd. (b)(1)). It was further alleged that defendant served three prior prison terms (§ 667.5, subd. (b)), had two prior serious felony convictions (§ 667, subd. (a)), and was previously convicted of two prior

---

[1]     All undesignated statutory references are to the Penal Code.

[2]     Since the issue on appeal is limited to the court's imposition of fines at resentencing, the facts of appellant's underlying conviction are irrelevant and intentionally omitted. (See e.g., *People v. Gutierrez* (2003) 106 Cal.App.4th 169, 171.)

serious felonies within the meaning of the Three Strikes Law (§§ 667, subds. (a)–(i), 1192.7, subd. (c), 1170.12, subds. (a)–(e)).

A jury found defendant guilty on count 1 (§ 245, subd. (a)(1)) and found the use of a deadly weapon (§§ 667, 1192.7) and personal infliction of great bodily injury (§ 12022.7, subd. (a)) allegations true. In a bifurcated proceeding, the trial court found true defendant suffered two prior strike convictions (§§ 667, subds. (a)–(i), 1170.12, subds. (a)–(e)), two prior serious felony enhancements (§ 667, subd. (a)), three prior prison term enhancements (§ 667.5, subd. (b)(1)), and that the crime was committed in the furtherance of a criminal street gang (§ 186.22, subd. (b)(1)).

On August 18, 1999, the trial court sentenced defendant to 44 years to life in state prison as follows: 25 years to life on count 1, plus three years for the great bodily injury enhancement, three years for the gang enhancement, 10 years for the prior serious felony enhancements, and three years for the three prior prison term enhancements. The court also imposed a $400 restitution fine pursuant to section 1202.4. Defendant appealed, the three-year gang enhancement was dismissed, and defendant was resentenced to 41 years to life in state prison.

In 2023, the Department of Corrections and Rehabilitation identified defendant as a candidate for resentencing pursuant to section 1172.75. On December 5, 2024, the trial court held the resentencing hearing and struck the three invalid prison term enhancements (§ 667.5, subd. (b)(1)) but declined to further reduce defendant's sentence. The court suspended the balance of any outstanding restitution fine under section 1202.4 and imposed and suspended a $3,000 parole revocation fine under section 1202.45. Appellant filed a timely notice of appeal.

## DISCUSSION

**The Trial Court Erred When It Increased Defendant's Parole Revocation Fine at His Resentencing Hearing**

Both parties agree the trial court erred when it imposed a $3,000 parole revocation fine under section 1202.45 at the resentencing hearing. When a defendant is resentenced pursuant to section 1172.75, the statute is clear that the new sentence "shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Courts have consistently held that restitution fines are considered part of the punishment in a criminal conviction. (*People v. Kopp* (2025) 19 Cal.5th 1, 13 (*Kopp*); *People v. Hanson* (2000) 23 Cal.4th 355, 361–362 [restitution fine under § 1202.4]; *People v. Callejas* (2000) 85 Cal.App.4th 667, 670 [parole revocation fine under § 1202.45].) Therefore, an increase in restitution fine amounts is considered an increase in the sentence.

The record shows the trial court increased defendant's fines at resentencing. Defendant's original 1999 sentence included a $400 restitution fine under section 1202.4. "In cases in which the court imposes a restitution fine, imposition of a parole revocation fine is also mandatory." (*People v. Tillman* (2000) 22 Cal.4th 300, 302.) Section 1202.45, subdivision (a) requires the trial court to impose a parole revocation fine equal to the restitution fine imposed pursuant to section 1202.4. (*Kopp*, *supra*, 19 Cal.5th at p. 14; see also *People v. Rodriguez* (2000) 80 Cal.App.4th 372, 375–376.) The record does not clearly indicate that the court also imposed a $400 parole revocation fine. However, this is not challenged by defendant and absent evidence to the contrary, we presume the court was aware of and properly followed established law here. (See *Ross v. Superior Court of Sacramento County* (1977) 19 Cal.3d 899, 914.)

At the 2024 resentencing hearing, the trial court suspended the balance of the section 1202.4 fine and imposed a $3,000 parole revocation fine. The court did not explain the basis for why it imposed a $3,000 fine. Defendant suggests the court's mistake resulted from defense counsel's erroneous advice to the court that the original

restitution fine and parole revocation fines were $10,000. We need not determine the court's reason; we address the resulting errors below.

We begin with the recent changes to section 1202.4. On January 1, 2025, section 1465.9 was amended to add subdivision (d), which states: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to [s]ection 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." (Assem. Bill No. 1186 (2023–2024 Reg. Sess.) (Stats. 2024, ch. 805, § 1); see *Kopp*, *supra*, 19 Cal.5th at p. 17.) Defendant's restitution fine was originally imposed in 1999, which is well over 10 years ago. As such, it is no longer enforceable and the portion of the judgment imposing this fine should be vacated. (See *Kopp*, at p. 17.) Here, the court suspended the balance owed on the section 1202.4 restitution fine but the fine was not vacated. Therefore, the matter must be remanded for the trial court to vacate the portion of a judgment imposing the restitution fine.

Second, the trial court erred when it imposed a parole revocation fine greater than the original $400 fine. Here, the court should have imposed a parole revocation fine in the same amount as the restitution fine, which was $400. (See § 1202.45, subd. (a).) Since it is mandatory that the parole revocation fine be in the same amount as the restitution fine, the court erred when it imposed a $3,000 parole revocation fine instead. This is true even when the restitution fine is vacated under section 1465.9, subdivision (d). Although the unpaid balance of the restitution fine is vacated under section 1465.9, subdivision (d), the trial court must still impose, then stay, the parole revocation fine in a proper amount. (*Kopp*, *supra*, 19 Cal.5th at p. 17.) Therefore, on remand, the court should impose a parole revocation fine that complies with section 1202.45, subdivision (a).

Moreover, by imposing a $3,000 parole revocation fine instead of a $400 fine, the trial court increased defendant's sentence in violation of section 1172.75,

subdivision (d)(1).  Since restitution fines are part of the judgment, the court erred when it increased defendant's fine at resentencing.  (See *People v. Hanson*, *supra*, 23 Cal.4th at p. 361.)  Therefore, the matter must be remanded for the court to vacate the parole revocation fine and impose a fine in compliance with the legal mandates under section 1172.75, subdivision (d)(1).

A sentence is an "unauthorized sentence" if it cannot lawfully be imposed under any circumstance in the particular case, and therefore is reviewable regardless of whether an objection or argument was raised in the trial court.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 882, fn 3.)  Defendant's sentence is unauthorized because it cannot be lawfully imposed:  the amount the court imposed for the parole revocation fine does not match the restitution fine, in violation of section 1202.45, subdivision (a), and increasing the fine was in violation of section 1172.75, subdivision (d)(1).  (See *People v. Preston* (2015) 239 Cal.App.4th 415, 425.)  Such an unauthorized sentence is not subject to forfeiture by defendant's failure to object.  (*Ibid*.)  Accordingly, we need not address defendant's alternative claim of ineffective assistance of counsel for failing to object.

We disagree with defendant that he is entitled to full resentencing.  The issues raised on appeal do not require the entire sentence to be vacated, only the portion of the judgment that imposed the restitution and parole revocation fines.  (See *In re Mattison* (2025) 115 Cal.App.5th 1062, 1068 [full resentencing does not apply to statutes that alter a fine and do not address custody time]; see also *People v. Clark* (2021) 67 Cal.App.5th 248, 259–260 [section 1465.9, subdivision (a) required vacating a portion of the judgment imposing fines and did not recall the sentence].)  On remand, defendant will have the opportunity to raise his challenge regarding excessive fines before the trial court.

## DISPOSITION

We reverse the $3,000 parole revocation fine and remand for the limited purpose of allowing the trial court to impose a parole revocation fine in accordance with section 1202.45, subdivision (a) and section 1172.75, subdivision (d)(1) and to vacate the

portion of the judgment imposing the restitution fine under section 1202.4, subdivision (a). In all other respects, the judgment is affirmed.